Cite as 2020 Ark. App. 90

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-533

|  |  |
|---|---|
| DAVID LEE WASHBURN, SR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** February 5, 2020<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO. 43CR-17-639]<br><br>HONORABLE SANDY HUCKABEE, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant David Lee Washburn was convicted in the Lonoke County Circuit Court of two counts of rape, two counts of sexual assault in the second degree, and one count of incest. He was sentenced to an aggregate of fifty-three years' imprisonment. He argues on appeal that the trial court erred by prohibiting appellant from eliciting testimony concerning the victim's bias and motive to fabricate. We affirm.

The State charged appellant with rape, sexual assault, and incest following allegations that appellant had sexual contact with his son. The State filed a motion in limine on November 21, 2018, to exclude evidence of the victim's prior sexual conduct. In the motion, the State asserted that the victim was currently facing charges in juvenile court for a sexual offense and that any mention of the allegations during appellant's trial would be prejudicial and of no probative value. The State further asserted that the evidence is

excluded by Arkansas Code Annotated section 16-42-101[1]. Appellant filed a response on December 7 asking that the State's motion be denied. It stated in pertinent part:

> 2. It would be typical for a jury hearing the evidence against Defendant in this matter to assume that the victim was a virgin at the time of the incident. The incidents set out in the attached Ward Police Department document would tend to show that the victim has a history of being involved in sexual acts and sexual contact with minor children.
>
> 3. A jury would be substantially more inclined to find Defendant guilty if they believe the victim is a virgin and to punish Defendant more harshly, than if they are aware of the victim's having had other sexual incidents with other minor children.

The State filed a response on January 16, 2019, renewing its motion in limine to exclude "any evidence of the victim's prior sexual conduct or pending juvenile charges." The court held a hearing on the State's motion on January 25. At the hearing, the State argued that the evidence it was seeking to exclude had nothing to do with the current case, and it would only prejudice the victim. The State further contended that appellant had made a confession that "just corroborates the victim's accounts of the events in question." Defense counsel responded that "while my client has confessed to a couple of things, this young man makes more allegations than my client has confessed to. And those are things we think that he made up to try to put himself in a dead position in the juvenile court." The court took the issue under advisement.

Appellant filed a motion on February 11 to admit evidence of acts of the victim. In the motion, appellant asserted that the victim's actions are admissible evidence unprotected by Arkansas Code Annotated section 16-42-101. The State responded on February 15, again asserting that appellant should be prohibited from introducing evidence of the victim's

---

[1](Supp. 2019).

prior sexual conduct or pending juvenile charges. The court held a pretrial in-camera hearing on February 19. At that time, defense counsel argued that the victim was a "serial rapist of young children" and some of the "proof" shows that he lied to his victims to get them to do what he wanted them to do. Counsel further argued that "those acts on the part of the victim are not sexual conduct. This is criminal activity, rape, by this victim of these young kids." Counsel maintained that "the honesty and truthfulness of this victim are at high issue." The State responded that defense counsel is allowed to present evidence about the victim's honesty, trustworthiness, and character for lying, but not by introducing evidence of the victim's past sexual acts. As the hearing progressed, the following pertinent colloquy took place:

DEFENSE COUNSEL:   . . . If this young man has had sex with minors less than three years his age and with a four-year-old, Judge, he's a rapist. It is relevant and I ask you to allow me to present this to the jury.

PROSECUTOR:   I would tend to agree[] with defense counsel if his client hadn't confessed to raping his son. The jury is going to hear the defendant saying, 'I performed oral sex on my son twice.' So defense counsel's theory here is that the victim made this up, lied, had been violating other minors, and doing all this cover himself. The defendant first denied all of that, but then comes in and says, 'Yes, I did it. What the victim is saying is the truth.' So if he had denied this, we're still back to motive, credibility, did it happen. The jury will hear from the defendant that it happened. So defense counsel is trying to drag this victim through the mud, doing everything he can to make him look bad to try to take their eyes off of what the defendant has admitted to doing.

This is precisely what the rape shield statute covers. There has been no motion to suppress filed for the defendant's statement. We are under the impression that defendant's statement where he confesses to rape is coming in. The jury will hear that. What is the relevance of any prior allegations by the victim? Defense counsel does not want to talk about the fact that the defendant admitted to rape.

DEFENSE COUNSEL: There are issues about whether there was sexual contact in the shower. We absolutely deny that. There are issues about the age of the victim. We say he was fifteen at the time. We admit that there were two acts. The victim says there were more. Those are critical issues. And if this victim is going to come in here and lie about those things, for whatever reason including, maybe, that he is getting a deal with the juvenile court, the jury deserves to know that. Let's tell the jury the truth and not try to hide what this young man has done. He is a serial rapist.

THE COURT: Upon consideration of the Defendant's Motion to Admit Evidence of Acts of the Victim, the attachments filed to said motion, Defendant's Exhibits Nos. 1 and 2, marked for purposes of this in-camera hearing, the Arkansas law, the case law, the arguments of counsel, and all other matters and things before the Court, the Court finds and determines that the proof which has been offered by the defendant in this hearing is not relevant to a fact in issue and the Court finds that the probative value of the offered proof, which has been presented in this hearing, does not outweigh its inflammatory or prejudicial nature; therefore, the Court finds that pursuant to Arkansas Code Annotated § 16-42-101(c)(2), that the offered proof is not relevant, nor does its probative value outweigh its inflammatory or prejudicial nature; therefore, the Court denies the defendant's motion to admit evidence of acts of the victim for the above reasons stated and that will be the order of the Court.

. . . .

DEFENSE COUNSEL: Are you saying that I cannot cross-examine this serial rapist in the trial? I can't cross-examine him on these issues?

THE COURT: When the victim testifies, if you believe that a door has been opened or there is some question you have concerning the victim's character or reputation for truthfulness or honesty, then approach the bench and the Court will make a ruling as to that, at that time, depending on your specific question. But as far as what is before the Court today, on your motion to admit evidence of acts of the victim, the Court is denying that motion, for the reasons stated above. That's the Court's ruling today.

. . . .

DEFENSE COUNSEL: Is your ruling that the rape shield law prohibits questions of a victim about his criminal acts such as rape of a minor child? Are you

4

saying that the rape shield law protects that victim from acts like that?

THE COURT: What I'm saying is that these acts may be admissible if the Court finds that they are relevant and the probative value outweighs the prejudicial nature. I do not find it's relevant. I do not find its probative value outweighs its inflammatory or prejudicial nature.

DEFENSE COUNSEL: So if a victim has raped minor children, that's not relevant for the jury's consideration.

THE COURT: The question is the admissibility of this evidence of the acts of the victim. That is what the Court is ruling on today. This is a 16-42-101 hearing. It's an in-camera hearing. I am denying your motion based on what I have before me. Once again, if we commence at trial and the victim testifies and you believe the door has been opened, if you want to inquire of the victim and you [want] to ask him questions regarding his previous sexual conduct other than what the accusation is with the defendant, then approach the bench.

DEFENSE COUNSEL: So criminal sexual acts, according to your ruling, are protected by the rape shield law?

THE COURT: The law compels me to make an analysis on relevancy to these charges against your client and probative value. I have made my analysis regarding relevancy and probative value. Thus, I am ruling based upon these charges which have been filed against your client that I do not find that this other evidence or acts of the victim are relevant or probative.

DEFENSE COUNSEL: For appeal purposes, I wish you would say whether or not this rape shield law prohibits evidence of criminal sexual acts by the victim. I'd like to know what your ruling is on that.

THE COURT: Well, I have ruled on the motion and that's the ruling of the Court. Anything additional from the State?

PROSECUTOR: Yes, Your Honor. Just to make sure we're all clear, that means that no evidence is going to be admissible through any other witnesses, either; is that correct?

THE COURT: Correct.

5

Appellant's jury trial took place on February 20. During the noon break, defense counsel renewed his motion to admit evidence and alleged that the State opened the door during voir dire by "stating two or three times what the jury would understand if the victim waited a while to say anything about what happened between him and the defendant." The State contended that its statements were "just purely a hypothetical involving any given victim of sexual assault and why they would not immediately report a crime." Defense counsel argued that the State was attempting to "imply to the jury" what happened in this case. The court ruled that its previous ruling would stand and denied the motion. The court found that the door had not been opened, and that the State's questions were more hypothetical in nature than concerning the facts of this case.

Appellant's jury trial proceeded. The victim testified that appellant performed oral sex on him as well as masturbated him on several occasions. During the trial, a video of appellant's October 27, 2017 interview was played for the jury. In that interview, appellant admitted that he lied about what he did to the victim. He stated that he performed oral sex on the victim twice, when the victim was fifteen and sixteen years old, and "finished him off by hand." He also stated that the victim "jacked [him] off" once. The State made an oral motion for nolle prosequi of one count of rape that alleged the victim was under fourteen at the time; the court granted the motion. The jury found appellant guilty of two counts of rape, two counts of sexual assault in the second degree, and incest.

During the sentencing phase, Amanda Gassman, the victim's stepmother, testified that the victim had to have counseling. She said that the victim was always "so angry and aggressive, but as time has gone on without seeing his dad, his is not so angry." Defense

6

counsel asked to approach because he wanted to question her about the criminal charges against the victim. According to counsel, "based on what she said, it is appropriate to show that he has other reasons to be in counseling." The court found that the door had not been opened and denied the request.

Appellant was sentenced to twenty years' imprisonment for each of the rape convictions, five years' imprisonment for each of the sexual-assault-in-the-second-degree convictions, and three years' imprisonment for the incest conviction. The sentences were to run consecutive to each other. The sentencing order was filed on February 21. Appellant filed a notice of appeal on March 14. This appeal followed.

Appellant argues on appeal that the trial court erred by prohibiting appellant from eliciting testimony concerning the victim's bias and motive to fabricate. More specifically, appellant contends that the trial court: (1) abused its discretion by denying appellant's motion to admit evidence of acts or the victim, (2) deprived him of his constitutional rights by preventing him from presenting a complete defense, (3) abused its discretion by failing to modify its ruling after the State opened the door to appellant's evidence, and (4) erred to the extent it concluded that the rape-shield law was applicable to the victim's crimes.

Under our rape-shield law, section 16-42-101, evidence of a victim's prior sexual conduct is not admissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.[2] The exception is where the trial court, at an in-camera hearing, makes a written determination that such evidence is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial

---

[2]*Turner v. State*, 355 Ark. 541, 141 S.W.3d 352 (2004).

nature.[3]   The statute's purpose is to shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt.[4] Accordingly, the trial court is vested with a great deal of discretion in determining whether the evidence is relevant, and we will not overturn the trial court's decision unless it constituted clear error or a manifest abuse of discretion.[5]

In cases involving the rape of a minor, our supreme court has uniformly and consistently excluded evidence of the minor's prior sexual activity, because in those cases the only two issues to be determined are the fact of the occurrence of the prohibited activity and the age of the minor.[6]  Anything not pertaining to one of those two issues is not relevant in cases involving the rape of a minor.[7]

Appellant attempted to introduce evidence that the victim was facing rape and/or sexual assault charges himself in juvenile court.  The court conducted an in-camera hearing, where it listened to the arguments and allowed appellant to proffer the evidence which he wished to admit.  The court found that the evidence concerning the victim's juvenile charges was not relevant to the issue of whether appellant was guilty of the charges against

---

[3]*Id.*

[4]*Id.*

[5]*Id.*

[6]*See, e.g., Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004); *Turner, supra*; *M.M. v. State*, 350 Ark. 328, 88 S.W.3d 406 (2002); *Ridling v. State*, 348 Ark. 213, 72 S.W.3d 466 (2002).

[7]*See State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006).

8

him. The court also found that any probative value of the evidence was substantially outweighed by the prejudicial effect it would have on the jury.

Under these circumstances, we cannot say that the trial court abused its discretion. We agree that any probative value is small, given that appellant confessed to the charges for which he was convicted. We further agree that any probative value does not outweigh the obvious prejudicial or inflammatory effect of the evidence. Appellant also contends that "the trial court could have limited the subject matter of the testimony so as to reduce any risk of prejudice while still affording Appellant his fundamental right to cross-examine the witness regarding potential bias." Appellant never asked the court to consider limiting the subject matter of the testimony. Thus, we do not consider it on appeal.

Appellant argues for the first time on appeal that the court's ruling deprived him of his constitutional rights by preventing him from presenting a complete defense. We will not consider arguments made for the first time on appeal, even constitutional ones.[8]

Next, appellant argues that the trial court abused its discretion by failing to modify its ruling after the State had opened the door to appellant's evidence. We review evidentiary rulings regarding the admissibility of evidence under an abuse-of-discretion standard, and we do not reverse absent a manifest abuse of that discretion and a showing of prejudice.[9] Even if otherwise inadmissible, when a party invites discussion of a certain subject, he or

---

[8]*A.J.A. v. State*, 2019 Ark. App. 464, 588 S.W.3d 92.

[9]*Williams v. State*, 2015 Ark. App. 245, 459 S.W.3d 814.

she opens the door to a line of questioning by the opposing party so that the opposing party may "fight fire with fire."[10]

In the pretrial hearing, the court ruled that appellant could not introduce evidence of the victim's pending juvenile charges. However, the court stated that the admissibility of the evidence could be addressed again if appellant believed the door had been opened for such evidence. Defense counsel claimed that the door had been opened twice during appellant's trial: during the State's voir dire and during Gassman's testimony at the sentencing phase. The court found that the door had not been opened in either instance, and it denied appellant's request to introduce the evidence. Based on the record before us, there is no indication that the State opened the door for the prohibited evidence. Thus, we hold that the court did not abuse its discretion by denying appellant's request to introduce the evidence.

Finally, appellant argues that the court erred to the extent it concluded that the rape-shield law was applicable to the victim's crimes. Appellant concedes that it is unclear if the trial court made such a ruling. Although the court never expressly stated that the evidence was protected by the rape-shield law, it did weigh the relevance and probative value of the evidence as required by the statute. The court's actions were appropriate under the circumstances of this case and there was no abuse of discretion. Appellant confessed to the acts for which he was convicted. There was no reason for the victim's juvenile charges to come before the jury, as it had no bearing on appellant's guilt. Accordingly, we affirm.

Affirmed.

---

[10]*Id.*

VIRDEN and SWITZER, JJ., agree.

*Ben Motal*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.