Cite as 2024 Ark. App. 609

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-24-195

| | |
|---|---|
| CALVIN TILLMAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered December 11, 2024<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. 54CR-21-130]<br><br>HONORABLE E. DION WILSON, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Calvin Tillman, appeals his conviction for one count of rape against his stepdaughter. On appeal, Tillman asserts that circuit court committed reversible error by (1) denying his motions for directed verdict because there was insufficient evidence that his stepdaughter was age fourteen or younger at the time of the alleged crime; (2) restricting his ability to cross-examine his stepdaughter about her prior sexual conduct; and (3) denying his motion to dismiss a juror for bias. We affirm.

As applicable in this case, a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2023). A rape victim's testimony is not required to be corroborated, and the victim's testimony alone describing the acts can constitute sufficient evidence to sustain a conviction. *See Roberts v. State*, 2024 Ark. App. 143, 686 S.W.3d 69.

When ZA was nineteen years old, she told her mother (Tillman's wife) that Tillman raped her when she was twelve years old. According to ZA, Tillman had offered to help her "practice" having sex, and he had sex with her two to three times a week, penetrating her vagina with his penis. This was reported to the police, and Tillman was charged with rape.

Tillman's attorney filed a motion seeking permission to cross-examine ZA about her sexual relationship with Tillman's son when she was a teenager and his son's report that ZA told him she was a virgin at that time. This, Tillman asserted, would be relevant to ZA's age at the time of the alleged rape because ZA's sexual encounters with Tillman's son happened after the alleged rape. The circuit court determined that this violated the rape-shield statute, Ark. Code Ann. § 16-42-401 (Supp. 2021) and Arkansas Rule of Evidence 411, so Tillman was not permitted to ask ZA about her virginity.

At the time of trial in 2023, ZA was twenty-one years old. Tillman had lived with ZA and her mother, Shareese Tillman, since 2011. When ZA was twelve, Tillman learned that she liked his son, who was coming to visit. According to ZA, Tillman asked her if she wanted to "practice" sex; he took her to his bedroom; he pulled her pants down and had her lie on the bed; and he penetrated her vagina with his penis. She said this happened regularly over the next two years. He had her watch pornography and perform oral sex on him. She said this behavior did not stop until she was fourteen years old when she began to question whether this was right.

After ZA told her about the rape, Shareese confronted Tillman. Shareese recorded several conversations in which Tillman admitted "touching" ZA and said he told his therapist

2

that he manipulated ZA into sleeping with him when she was thirteen or fourteen. The recorded conversations were played for the jury.

At trial, Tillman denied he raped ZA and stated he admitted to having raped her only to say whatever his wife wanted him to say in hopes they could reconcile. Tillman's attorney moved for directed verdict at the appropriate times, arguing in part that ZA was inconsistent and unclear about exactly when the alleged rape occurred, so the State failed to prove that ZA was fourteen years or younger at the time of the crime. Those motions were denied.

During jury deliberations, defense counsel's staff found a picture on Facebook depicting a juror (Sandra Bagley) and ZA sitting together at a community-college scholarship banquet. Tillman's attorney argued that Bagley should be removed from the jury and replaced with an alternate because she was biased in favor of ZA. The circuit court questioned Bagley, who said she did not know ZA and was unaware that she had been sitting at the banquet table with her. Bagley said this would not cause her to be unfair as a juror. Tillman's attorney did not question Bagley but told the circuit court that the prosecutor improperly laughed at him while Bagley was still in the courtroom. The circuit court denied the motion to remove Bagley. The jury found Tillman guilty, and this appeal followed.

We first consider the sufficiency of the evidence to sustain the conviction for rape. A motion for directed verdict is considered a challenge to the sufficiency of the evidence. *Roberts*, *supra*. On appellate review, we must assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm a conviction if there is substantial evidence, either direct or circumstantial, to support the

3

verdict. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation and conjecture. *Id.* Witness credibility is an issue for the factfinder, which may believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Strawhacker v. State*, 2022 Ark. 134, 645 S.W.3d 326. The jury may accept or reject testimony as it sees fit. *Caple v. State*, 2020 Ark. 340, 609 S.W.3d 630; *Langlois v. State*, 2023 Ark. App. 263, 666 S.W.3d 884.

ZA maintained that Tillman raped her several times. Appellant's attorney cross-examined ZA. There was evidence from Tillman himself acknowledging that he raped ZA when she was fourteen years old or younger. Any discrepancies in the evidence concerning the date of the offense are for the jury to resolve. *Kelley v. State*, 375 Ark. 483, 292 S.W.3d 297. The jury obviously rejected Tillman's denials and found that he had raped ZA at least one time when she was age fourteen or younger. The circuit court did not err when it denied the motions for directed verdict.

Tillman next argues that the circuit court erred by limiting his ability to cross-examine ZA about her statement to his son that she was a virgin when they (ZA and Tillman's son) had sex, which was after the time of the alleged rape. Tillman argued this was relevant to discredit ZA's claim about her age when the alleged rape occurred. Tillman's attorney also wanted the opportunity to call Tillman's son to the stand. The circuit court denied that motion, finding that there was no relevance between ZA purportedly having sex with her stepbrother and the current allegation of rape against Tillman.

During the testimony of ZA's mother, Shareese, the recorded statements between Shareese and Tillman were played to the jury. In the recordings, Shareese referred to ZA having sex with Tillman's son. The circuit court ruled that the door had been opened to examine Shareese, but not ZA, on this subject. Tillman argues that he was unfairly deprived the opportunity to ask ZA about it during her testimony. We disagree that the circuit court committed reversible error.

Under our rape-shield law, Arkansas Code Annotated section 16-42-101 (Supp. 2021), evidence of a victim's prior sexual conduct is not admissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose. The exception is when the circuit court makes a written determination that such evidence is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial nature. *Washburn v. State*, 2020 Ark. App. 90, 596 S.W.3d 512. The statute's purpose is to shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Id.* Accordingly, the circuit court is vested with a great deal of discretion in determining whether the evidence is relevant, and we will not overturn the circuit court's decision unless it constituted clear error or a manifest abuse of discretion. *Id.*

Here, defense counsel was allowed to ask Shareese about sexual activity between ZA and Tillman's son. During ZA's cross examination, defense counsel was able to confirm with ZA that she could not pinpoint exact dates that Tillman sexually abused her. The defense

did its best to discredit ZA's allegations, was critical of her delay in reporting the rape, and was not unfairly hampered in its effort to chip away at ZA's claims. Nothing in ZA's testimony opened the door to further inquiry about her sexual relationship with Tillman's son. We hold that the circuit court did not abuse its discretion.

Tillman's last argument on appeal is that the circuit court erred by refusing to remove juror Bagley. The Sixth Amendment and the Due Process Clause of the Fourteenth Amendment guarantee a criminal defendant "a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Hughes v. State*, 2024 Ark. App. 179, 686 S.W.3d 586 (citing *Smith v. Phillips*, 455 U.S. 209, 217, (1982)). If a juror's impartiality and, therefore, the integrity of jury proceedings is jeopardized by an unauthorized invasion, the remedy is a hearing in which the defendant has the opportunity to prove actual bias. *Id.* Due process is satisfied when the circuit court conducts a hearing with all interested parties, permits participation by those parties, determines the circumstances and the impact on the juror, and decides whether it is prejudicial. *Id.* The circuit court conducted such a hearing.

The circuit court questioned juror Bagley about the photograph, the circumstances of the event where the photograph was taken, her explanation that she did not know ZA, and her statement that she could be fair and impartial and consider only the evidence presented at trial. A juror is presumed to be unbiased and qualified to serve. *Hughes, supra.* The burden is on the appellant to prove that a juror was prevented by any circumstance from

acting impartially, and as a result, there is a reasonable probability of prejudice. *Id.* Whether a juror is impartial is addressed to the sound discretion of the circuit court. *Id.* Tillman did not question juror Bagley, did not ask if she was impacted by any remark or reaction of counsel, and did not present evidence supporting his burden to prove that this juror was biased in favor of ZA and against him. We hold that the circuit court used the proper procedure and that Tillman failed to demonstrate an abuse of discretion or resulting prejudice.

For the foregoing reasons, we affirm Tillman's conviction for rape.

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.