Cite as 2026 Ark. App. 78

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-25-107

| | |
|---|---|
| CASEY DANTE JACKSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered February 11, 2026<br><br>APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, SOUTHERN DISTRICT<br>[NO. 01DCR-23-15]<br><br>HONORABLE DONNA GALLOWAY, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Chief Judge

Casey Jackson was convicted by a jury of robbery, two counts of theft, and third-degree battery. These crimes related to a tussle between Casey and Megan Martin during which Casey struck Megan in the face and took her purse. The gist of Casey's defense was that he was only trying to prevent Megan from getting the gun in her purse, and he accidentally hit her face in that attempt. Casey asserts that the circuit court committed reversible error by not directing a verdict in his favor, which is a challenge to the sufficiency of the evidence to support the convictions. We affirm.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Parker v. State*, 2025 Ark. 55, 709 S.W.3d 807. We will affirm the verdict if substantial

evidence supports it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* In resolving conflicting testimony and inconsistent evidence, it is the jury's role to assess witness credibility and resolve discrepancies in the evidence. *Id.* The jury may accept or reject testimony as it sees fit. *Tillman v. State*, 2024 Ark. App. 609, 704 S.W.3d 310. The jury is entitled to draw upon common sense and experience in reaching its verdict. *Roberts v. State*, 2024 Ark. App. 143, 686 S.W.3d 69.

The evidence, viewed in the light most favorable to the State, is as follows. Megan went to visit her friend, Danielle Zimmerman, on Christmas Eve 2022. Danielle's daughter (Destiny) was there. At some point, Casey came to the house, and an argument ensued between Casey and Danielle that escalated into yelling and screaming. The argument, at least in part, was about Casey's cell phone. Danielle told Casey to leave, and eventually he did, but he came back banging on the door to be let back inside. The women urged Casey to leave, to cool off, and to come back another time.

Megan said Danielle and Casey "always argued," it was "a normal, everyday thing," and "you get tired of listening to it." Megan went to her car to get something, and she could still hear them arguing in the house. Then, "out of nowhere," Casey came up behind Megan, demanded to know what she was getting, leaned over her from behind, and began physically struggling with her over her purse. They ultimately fell backwards. Casey got on top of Megan, and he struck her in the face until she let go of her purse, which contained a firearm,

2

debit and credit cards, two cell phones, and various other personal items. Casey ran away with the purse.

Danielle had called the police. In speaking to the law enforcement officers, Danielle and Destiny reported they saw Casey on top of Megan, striking her in the face and then running away with her purse. Photographs confirmed Megan had a black eye and a busted lip.

Two law enforcement officers testified about their investigation, their discussions with the female witnesses after responding to the call for help, and their subsequent contact with one of Casey's close friends (perhaps a cousin), Larry White. The morning after the incident, one officer called Larry, with whom the officer had a friendly relationship. The officer urged Larry to have Casey come in to talk about the incident. Casey would not come in, but he called the officer. Casey admitted he was there and that he tussled with Megan to take her purse away. He told police that he did that only because he knew Megan kept a gun in her purse. Casey admitted that he ran away when he got the purse.

Larry later told law enforcement that they could come to his house to pick up the purse, which Larry had gotten from Casey. Law enforcement gave the purse back to Megan, and she confirmed that all her things were in it.

At trial, Danielle and Destiny claimed not to remember what happened that night and downplayed the incident. They did not want to help the prosecution. Larry also changed his story, saying that Megan's purse was found under a camper that belonged to her.

The jury found Casey guilty of robbing, battering, and stealing from Megan.[1] The jury sentenced Casey to ten years for robbery, five years on each count of theft, and a $1,500 fine for battery. This appeal followed.

On the robbery and theft convictions, Casey argues that the State failed to present sufficient evidence that he intended to steal Megan's purse or that he took possession and control over it. More specifically, he argues that there was no evidence that the purse was in his possession; no eyewitness saw him take the purse; the purse was found nowhere near him; he lacked any intent to commit theft but instead was trying to defend himself from Megan; and he did not use or threaten physical force. Casey points to testimony at trial given by Danielle, Destiny, and Larry, and the more favorable things Megan said on the stand. He does not persuade us.

A criminal defendant's state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances. *Maina v. State*, 2025 Ark. App. 38, 704 S.W.3d 364. A person is presumed to intend the natural and probable consequences of his or her actions. *Id.* The fact-finder does not view each fact in isolation but rather may consider the evidence as a whole. *Id.*

The jury was entitled to reject the changed stories of Danielle, Destiny, and Larry. It was entitled to rely on the testimony of the law enforcement officers, the witness reports the

---

[1]The circuit court dismissed the charges against Casey for terroristic threatening. Casey was acquitted of third-degree battery against Danielle Zimmerman as well as theft of debit/credit cards.

officers described, Megan's incriminating testimony, and the photographs of Megan's face. The jury was free to reject Casey's alleged self-defense story. We view the evidence in the light most favorable to the State and consider only the evidence that supports the verdicts. *De la Garza v. State*, 2025 Ark. 10, 704 S.W.3d 627.

Under this standard, there was ample evidence that Casey attacked Megan from behind, took Megan's purse, and kept it from her. Casey used physical force to accomplish the theft. We affirm the robbery and theft convictions.

On the battery conviction, Casey argues that he did not intend to cause Megan physical injury; it was merely the result of his efforts toward self-defense, and the physical injuries were minor at worst. Intent can be inferred from the type of weapon used, the manner of use, and the nature, extent, and location of the trauma suffered by the victim. *Maina, supra*. Casey's attacking this woman from the back, taking her to the ground, beating her in the face, and causing her a black eye and busted lip constitutes sufficient evidence of intent to cause physical injury. The jury is entitled to accept the State's version of the facts over the defendant's, to resolve any inconsistent testimony, and to accept or reject any alternative theories. *De la Garza, supra*. Under the proper standard of appellate review, there was sufficient evidence to support the battery conviction.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Vicki Lucas*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.